IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:23cr104-MHT
                            )           (WO)
TRACEY SHANNON              )
```

OPINION AND ORDER

This case is before the court for consideration of whether to remove or modify the condition of supervision imposed at sentencing requiring defendant Tracey Shannon to "participate in a treatment and monitoring program for sex offenders, to include polygraph testing if determined necessary by the treatment provider and/or the supervising probation officer." Judgment (Doc. 134) at 5. For the reasons below, the court will eliminate this requirement.

First, the court's original imposition of this condition was not based on a perceived, individualized need for the condition based on the facts of the case and consideration of the 18 U.S.C. § 3553(a) factors. This provision was included on a form sentencing script

provided to the court by the probation department, and the court mistakenly assumed that the condition was required by law. However, after the sentencing, the court realized that the provision was not required, and accordingly arranged for a conference with the parties to discuss whether it should be removed. The probation officer stated that it was included because the department includes it as a matter of course in cases involving sex offenses.

Second, while the court agrees that sex-offender treatment and monitoring may be appropriate in many cases involving sex offenses, in this unusual case the § 3553(a) factors do not warrant such treatment. Shannon was convicted in December 2023 of one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c), for an offense that took place during several months in 2017—over six years earlier. He was 20 years old at the time. He was living with two friends when one of the friends invited a

17-year-old runaway and her older friend to live with them if she paid rent through prostitution. Shannon facilitated the sex trafficking by driving the teen to appointments with clients. He also encouraged the teen by text message to continue prostituting herself on one occasion documented in the presentence investigation report. And he was a beneficiary of the trafficking in that it paid his rent. However, he was not the leader of the offense, and there is no indication that he had any inclination towards committing sex offenses. Indeed, all but one of his other convictions have been for shoplifting or related offenses, the other was for possession of a personal use amount of marijuana, and he has not had any convictions since early 2018. In short, there is no evidence that he has been involved in a sex offense either before this offense or in the over six years after this offense.

There is no doubt that Shannon's actions at the time of the offense were callous and criminal, and that they

harmed the vulnerable 17-year-old victim of this offense. However, at the time of the offense, he was only 20 years old—an age at which his brain had not finished developing. *See, e.g.*, Melissa S. Caulum, *Postadolescent Brain Development: A Disconnect Between Neuroscience, Emerging Adults, and the Corrections System*, 2007 Wis. L. Rev. 729, 743 (2007) (internal citations omitted) ("Evidence shows that the prefrontal cortex does not fully mature until the mid-twenties, and that myelination continues throughout the twenties. Myelination generally occurs from back to front, and the frontal lobe's gray matter is among the last to mature. Because the prefrontal cortex governs impulsivity, judgment, planning for the future, and foresight of consequences, it is responsible for the very characteristics that may make one morally culpable."). Moreover, he was very poor, and, after a very difficult childhood during which he suffered many adverse childhood experiences, had supported himself by shoplifting. The court views

4

Shannon's deplorable choices in this case as in large part a product of his immaturity and attendant poor judgment, and of his financial desperation, and not as a reflection of a propensity to commit sex offenses.  Now, in contrast, Shannon is gainfully employed and in his late twenties.

Sex-offender treatment and monitoring may be an important tool for treating people who commit sex offenses.  *See* Przybylski, Roger, *The Effectiveness of Treatment for Adult Sexual Offenders* (U.S. Dept. of Justice, Office of Justice Programs July 2015).  Here, however, based on the circumstances of the offense and the history and characteristics of the defendant, the court finds that sex-offender treatment and monitoring are unnecessary.

That said, the conditions of supervised release provide the probation officer with broad power to monitor Shannon's activities, and Shannon is already required to "participate in a mental-health treatment program

5

approved by the United States Probation Office as directed" and to "receive counseling for domestic violence and controlling anger." Judgment (Doc. 134) at 5. Dr. Ginny Chan found that Shannon would "likely benefit from individual and/or group counseling that targets thoughts, beliefs, automatic responses, and emotional responses shaped by childhood traumatic experiences which are usually included in cognitive-behavioral or mindfulness-based programs." Evaluation Report (Doc. 118-1) at 18. Shannon should receive treatment in line with these recommendations as part of his mental-health treatment, and the probation officer should provide a copy of the evaluation to the treatment provider for background.

Should the probation officer become aware of recent behavior reflecting that Shannon would additionally benefit from sex-offender treatment and monitoring, the officer may request a modification of the conditions of

6

supervised release, and the court will consider the request.

***

Accordingly, it is ORDERED that the conditions of supervised release are modified to remove the following requirement: "The defendant shall participate in a treatment and monitoring program for sex offenders, to include polygraph testing if determined necessary by the treatment provider and/or the supervising probation officer."

DONE, this the 20th day of February, 2024.

                                     /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**